UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY D., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C23-1069 RSM <br><br> **ORDER AFFIRMING AND DISMISSING THE CASE** |

Plaintiff seeks review of the denial of his application Disability Insurance Benefits (DIB). Plaintiff contends the ALJ erred (1) by referencing to medical evidence prior to his amended alleged onset date, and (2) by rejecting his symptom testimony. Dkt. 8. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 43 years old, has at least a high school education, and has worked as a salesclerk and carpenter. Admin. Record (AR) 27–28. In January 2020, Plaintiff applied for benefits, alleging disability as of May 12, 2014. AR 79, 84. Plaintiff's application was denied initially and on reconsideration. AR 82, 87. In June 2022, the ALJ conducted a hearing where Plaintiff amended his alleged onset date to July 30, 2018. AR 38–39. The ALJ then issued a decision finding Plaintiff not disabled from his amended alleged onset date through December

31, 2018, Plaintiff's date last insured. AR 12–34.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### 1. Evidence Prior to Amended Alleged Onset Date

Plaintiff contends the ALJ's decision is "not relevant" because the ALJ considered records dating back to 2015, prior to his amended alleged onset date of July 30, 2018. Dkt. 8 at 2. "Medical opinions that predate the alleged onset of disability are of limited relevance." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court assumes Plaintiff is taking issue with the ALJ's discussion of his 2015 x-rays in the evaluation of Plaintiff's symptom testimony. *See* AR 23. Reading the ALJ's decision, the ALJ referred to the x-rays to explain there was medical evidence to support Plaintiff's allegation of back pain. *See* AR 23 ("The medical evidence supported the claimant's allegation that he suffers from back pain. 2015 x-rays revealed moderate foraminal narrowing at L4-L5 and L5-SI with L3 pain and radiation down his lower extremities."). This is something the ALJ is tasked to do in order to properly evaluate Plaintiff's symptom testimony. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) ("[T]he ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain

or other symptoms alleged."). Plaintiff has not shown that the ALJ's reference affected any part of the evaluation process in such a way that undermines any of the ALJ's findings and the ALJ's decision. Therefore, the Court rejects Plaintiff's argument.

### 2. Plaintiff's Symptom Testimony

Plaintiff contends the ALJ erred by rejecting his symptom testimony. Dkt. 8 at 2–7.

Plaintiff testified he is unable to work because of his back. AR 42. He explained that in an eight-hour span, he experiences elevated pain for six hours and needs to lay down. AR 49. He testified he can sit for an hour and a half. AR 50. He stated he sometimes uses a cane and has trouble getting in and out of a car, walking, and picking up things. AR 43, 49. Plaintiff also testified to having symptoms of depression. AR 43–44. He stated that due to his depression, it is hard to manage his self-care and socialize. AR 44, 52. He stated he takes medication for both his back and depression and finds them effective. AR 43–45, 49. Plaintiff explained his physical symptoms affect his mental ones, in that when his back pain worsens, his mental symptoms similarly worsen. *See* AR 52.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo*, 871 F.3d at 678. "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

The ALJ rejected Plaintiff's physical symptom testimony because his statements concerning regarding its intensity, persistence, and limiting effects were not "entirely consistent"

ORDER AFFIRMING AND DISMISSING
THE CASE - 3

with objective medical evidence. AR 23. "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498. Here, the ALJ cited to physical examinations showing Plaintiff's back not tender with full range of motion and strength and describing Plaintiff as having "no pain behaviors." AR 371, 376–78.

The ALJ also considered medical records after Plaintiff's date last insured. AR 24. "'[M]edical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the preexpiration condition.'" *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995) (quoting *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir.1988)). Those records include reports of Plaintiff exercising more, performing yard work, and working on and riding his motorcycle. AR 329, 429, 507, 516, 520, 530, 729. An ALJ may discount a claimant's symptom testimony when it is inconsistent with the claimant's general activity level. *See Molina v. Astrue*, 674 F.3d 1104, 1112–13 (9th Cir. 2012); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007). Treatment records also show Plaintiff's back pain managed and stable, though his range of motion somewhat limited. AR 855. "Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [social security disability] benefits." *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Plaintiff's ability to engage in activities including exercise and riding his motorcycle, and reports describing effective management of his back pain undermine his statements about his physical symptoms and physical limitations. Therefore, the ALJ reasonably found Plaintiff's testimony "not entirely" consistent with his record.

As for Plaintiff's mental symptoms, the ALJ found "the record established no more than moderate mental restrictions." AR 24. This assessment is also reasonable. Although Plaintiff at

ORDER AFFIRMING AND DISMISSING
THE CASE - 4

times presented depressed or anxious, he was also often found as having euthymic or pleasant mood, cooperative, with normal affect and behavior.  AR 331, 342, 371, 376, 489, 497–500, 504–07, 511–21, 527–40, 549, 629–31, 881–92.  Plaintiff was also continuously observed as appropriately dressed and groomed, organized, oriented, and neat and clean.  *See* AR 467, 472, 489, 507, 513, 518, 527–40, 549.  As stated above, "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."  *Smartt*, 53 F.4th at 498.  Plaintiff's normal mental status and presentation undermine his statements about his depression, especially how it affects his inability to manage his self-care.

Plaintiff was also described as tolerating his medication well, and his treating sources observed that neither his anxiety nor depression were unmanageable.  *See* AR 422 ("nonanxious), 451, 458, 629 (reporting change in his medication "a huge relief" as it gave him more energy) 507, 689–99, 702, 706.  "Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [social security disability] benefits."  *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

Further, the ALJ pointed out Plaintiff's reports of increased symptoms coincided with family and legal issues, indicating external stressors were contributing factors.  AR 25 (citing AR 698–99 (describing Plaintiff's condition due to his divorce), 706 (noting improvement with Plaintiff's mood and mental status, and finding "[n]o unmanageable anxiety or depression" after he finished necessary paperwork for his divorce)).

Plaintiff's generally normal physical and mental status examinations, as well as his reports of improvement from medication, negate Plaintiff's statements about the severity of his

ORDER AFFIRMING AND DISMISSING
THE CASE - 5

symptoms. The record also shows Plaintiff's found exercise significantly improved his mental health. *See* AR 429, 507, 516. That Plaintiff is able to engage in physical activities, and that such activities contribute to the improvement of his depression symptoms further support the ALJ's finding that Plaintiff's physical and mental health symptoms were not entirely consistent with the record. As the ALJ's rejection of Plaintiff's symptom testimony is rational and supported by substantial evidence, the ALJ did not err.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 15th day of December, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE